# United States Court of Appeals for the Fifth Circuit

_____

No. 24-60521
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2025

Lyle W. Cayce
Clerk

Ty K. Bauer,

*Plaintiff—Appellant*,

*versus*

Kent Smith, *individually and in his official capacity as Circuit Judge of the Third Circuit of Mississippi*,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:24-CV-159

_____

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Plaintiff Ty K. Bauer, proceeding pro se, appeals the district court's order dismissing his complaint against the Honorable Kent Smith, a Circuit Judge for the Mississippi Third Judicial Circuit. The complaint alleged a plethora of grievances about the handling of a case Bauer filed in state court that was placed on Judge Smith's docket. In the underlying state-court

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60521

action, Bauer, again pro se, brought suit against an attorney and that attorney's firm for their alleged use of illegally acquired confidential client information. Judge Smith issued discovery rulings and entered a scheduling order for a hearing on the state-court defendants' summary judgment motion.

Bauer now seeks injunctive relief requiring Judge Smith to vacate his many rulings. He claims Judge Smith mishandled his requests for additional discovery, issued punitive scheduling orders, excluded evidence, and generally conducted a campaign to deny Plaintiff due process. Six days after filing his federal complaint against Judge Smith, Bauer filed an "EMERGENCY MOTION" in the district court, asking it to stay all proceedings in his state-court action.

Before the district court ruled on that motion, it issued a show cause order describing the bounds of judicial immunity and directed Bauer to explain why Judge Smith is not protected under that doctrine. Bauer responded that Judge Smith is not shielded by the cloak of judicial immunity because he was acting beyond his power as a judge. The district court disagreed with Bauer, concluding that all conduct he complained of were judicial acts.

"As early as 1872, the [Supreme] Court recognized that . . . . 'judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts[.]'"[1] We have carefully reviewed Bauer's complaint and agree with the district court that the acts alleged were performed by Judge Smith in furtherance of adjudicating Bauer's civil action. All are judicial acts and protected by judicial immunity.

---

[1] *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

No. 24-60521

For these reasons and those expressed in the district court's careful order of September 20, 2024, the district court judgment is AFFIRMED.